IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

VICTOR L. MOHONEY
4012 Manitou Lane
Madison, Wisconsin 53711

   Plaintiff,

 vs.             CASE NO.  07-C-0579-C

T. WALL PROPERTIES MASTER
LIMITED PARTNERSHIP
2810 Crossroads Drive, Suite 4000
Madison, Wisconsin 53718

T. WALL PROPERTIES MANAGEMENT CORP.
2310 Crossroads Drive, Suite 5000
Madison, Wisconsin 53718

   Defendants.

## AMENDED COMPLAINT

  Plaintiff, Victor L. Mohoney, by his attorneys, Cullen Weston Pines & Bach LLP, as causes of action against the Defendants alleges as follows:

### PARTIES

  1. Victor L. Mohoney ("Mohoney") is an adult resident of the State of Wisconsin.  His mailing address is 4102 Manitou Lane, Madison, Wisconsin 53711.

  2. T. Wall Properties Master Limited Partnership ("TWPMLP") is a limited partnership organized and operated under chapter 178 of the Wisconsin Statutes.

3. T. Wall Properties Management Corp. ("TWPMC") is a corporation organized and operated under chapter 180 of the Wisconsin Statutes.

## FACTS

4. In March of 2000, TWPMLP General Partner Terrance Wall ("Wall") contacted Mohoney and requested his services in raising equity by the sale of securities pursuant to Regulation D of the Securities Exchange Act of 1934. Mohoney and Wall agreed upon terms and conditions of Mohoney's services under the "First Offering."

5. Under the terms of the agreement for Mohoney's services under the "First Offering," Mohoney was to receive $300,000.00 from TWPMLP over 24 months. This amount was to be paid to Mohoney as two sums: $50,000.00 as a "due diligence" and "startup fee," and $250,000.00 as a draw against future commissions. Gross commissions earned over the $250,000.00 would be taken and converted into investment units.

6. The $300,000.00 referenced in paragraph 5, above, has been credited to Mohoney. However, the gross commission earnings, above the $250,000.00 draw, have been incorrectly converted into partnership units. TWPMLP has used the $300,000.00 figure to offset Mohoney's commissions, rather than the $250,000.00 agreed upon by the parties. This has resulted in a .55 partnership unit deficiency to Mohoney.

7. TWPMLP failed to notify Mohoney of at least two transactions in the First Offering that should have resulted in commissions earned by Mohoney. The

commissions associated with these transactions have not been credited to Mohoney's account.

8.      The TWPMLP was formed on January 2, 2001. On that date, the commissions earned by Mohoney were converted to partnership units. Those units are to receive a 12% preferred return. TWPMLP has calculated this return from the date of Mohoney's receipt of the units, not the date of conversion of commissions to units - January 2, 2001. This calculation has deprived Mohoney's partnership units of significant value.

9.      On March 17, 2005, Mohoney and Wall met to discuss Mohoney's compensation from that date forward. Mohoney and Wall agreed that, beginning with the "Fourth Offering," Mohoney's commissions would be 8% of investment equity raised for TWPMLP.

10.     In April, 2005, the Defendants decided to make the Fourth Offering a public offering, thereby subjecting the parties to more restrictive state and federal securities laws. Wall and TWPMLP legal counsel, Terry Nelson, informed Mohoney that his compensation could not be based on securities transactions. TWPMLP and Wall proposed that Mohoney become an employee of TWPMC. Mohoney was hired by TWPMC as Vice President of Investment and Acquisitions.

11.     Under the terms of his employment with TWPMC, Mohoney was to be paid $200,000.00 per year in salary. A written employment agreement provided that Mohoney would be paid a bonus that was to be reviewed quarterly.

12. The written portion of the 2005 employment agreement also provided for Mohoney's participation in an incentive compensation plan that utilized "Restricted Ownership Interests (ROI's)". According to TWPMC, Mohoney was eligible to participate in this plan. He has not received any ROI's from the Defendants.

13. TWPMLP and TWPMC have failed to properly credit Mohoney for commissions and incentives earned during the Fourth, Fifth and Sixth Offerings and for commissions and incentives earned during offering for investment in real estate development in the Phoenix and Mesa, Arizona areas.

## PLAINTIFF'S FIRST CAUSE OF ACTION: BREACH OF CONTRACT

14. Mohoney fulfilled all of the contractual obligations required of him pursuant to the various contracts to which he was a party with TWPMLP and TWPMC.

15. TWPMLP and TWPMC have failed to fulfill their obligations and responsibilities under the First, Fourth, Fifth, Sixth and Arizona Offerings, thereby causing financial and other damages to Mohoney.

16. The contracts breached by the Defendants are either written or partially integrated; they are fully enforceable and not subject to any statute of frauds.

## PLAINTIFF'S SECOND CAUSE OF ACTION: UNJUST ENRICHMENT

17. Mohoney realleges paragraphs 1 through 14 as though fully set forth herein.

18. In the alternative to Plaintiff's First Cause of Action, Plaintiff asserts that Defendants have been unjustly enriched by and through his services.

19. Mohoney conferred benefits upon the Defendants by and through his services, both as an employee and as an independent contractor.

20. The Defendants had knowledge and appreciation of the benefits conferred upon them by Mohoney.

21. The continued acceptance and retention of the benefits conferred upon the Defendants is inequitable.

## PLAINTIFF'S THIRD CAUSE OF ACTION: INTENTIONAL MISREPRESENTATION

22. Mohoney realleges paragraphs 1 through 21 as though fully set forth herein.

23. Defendants made representations of fact when they communicated to Mohoney that he would be compensated for his services as fully described in paragraphs 4 through 14, above.

24. The representations of fact were untrue and the Defendants knew the representations to be untrue at the time that they made them.

25. The representations of fact were made by the Defendants to Mohoney with the intent to deceive and induce him to act upon them to his pecuniary damage.

26. Mohoney justifiably believed the Defendants representations of fact and relied upon them to his detriment.

## PLAINTIFF'S FOURTH CAUSE OF ACTION: NEGLIGENT MISREPRESENTATION

27.     Mohoney realleges paragraphs 1 through 26 as though fully set forth herein.

28.     Defendants made representations of fact when they communicated to Mohoney that he would be compensated for his services as fully described in paragraphs 4 through 14, above.

29.     The representations of fact were untrue and the Defendants knew the representations to be untrue at the time that they made them.

30.     The Defendants were negligent in making the representations described in paragraphs 4 to 14, above.

31.     Mohoney justifiably believed the Defendants representations of fact and relied upon them to his detriment.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

A.     For compensatory damages;

B.     An accounting of all commissions, incentives and other compensation due and owing to him;

C.     For the costs and disbursements of this action, including actual reasonable attorneys' fees;

D.     For such other relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TWELVE PERSON JURY TRIAL**

Dated this 17th day of October, 2007

        CULLEN WESTON PINES & BACH LLP

        /s/ Nicholas E. Fairweather
        Lester A. Pines, SBN 1016543
        Nicholas E. Fairweather, SBN 1036681
        Attorneys for the Plaintiff

**Mailing Address:**

122 West Washington Avenue
Suite 900
Madison, WI 53703
Telephone: (608) 251-0101
Facsimile: (608) 251-2883
pines@cwpb.com
fairweather@cwpb.com