UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

VICTOR L. MOHONEY,

        Plaintiff,

v.                                                    Case No. 07-C-0579-C

T. WALL PROPERTIES MASTER
LIMITED PARTNERSHIP; and

T. WALL PROPERTIES
MANAGEMENT CORP.,

        Defendants.

---

### DEFENDANT T. WALL PROPERTIES MASTER LIMITED PARTNERSHIP'S ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

---

Defendant T. Wall Properties Master Limited Partnership ("TWPMLP"), by and through its attorneys, Michael Best & Friedrich LLP, hereby answers the Amended Complaint of Plaintiff Victor L. Mohoney ("Mohoney") as follows:

### PARTIES

**Complaint Paragraph No. 1:**  Victor L. Mohoney ("Mohoney") is an adult resident of the State of Wisconsin.  His mailing address is 4102 Manitou Lane, Madison, Wisconsin 53711.

**Answer:**  TWPMLP is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and, therefore, denies same.

**Complaint Paragraph No. 2:**  T. Wall Properties Master Limited Partnership ("TWPMLP") is a limited partnership organized and operated under chapter 178 of the Wisconsin Statutes.

**Answer:**  TWPMLP admits the allegations in paragraph 2.

**Complaint Paragraph No. 3:**  T. Wall Properties Management Corp. ("TWPMC") is a corporation organized and operated under chapter 180 of the Wisconsin Statutes.

**Answer:**  TWPMLP admits the allegations in paragraph 3.

## FACTS

**Complaint Paragraph No. 4:**  In March of 2000, TWPMLP General Partner Terrance Wall ("Wall") contacted Mohoney and requested his services in raising equity by the sale of securities pursuant to Regulation D of the Securities Exchange Act of 1934.  Mohoney and Wall agreed upon terms and conditions of Mohoney's services under the "First Offering."

**Answer:**   TWPMLP admits that it engaged Mohoney to sell units of its limited partnership and further admits that TWPMLP and Mohoney agreed to the terms and conditions of the engagement, but denies the remainder of the allegation in paragraph 4.

**Complaint Paragraph No. 5:** Under the terms of the agreement for Mohoney's services under the "First Offering," Mohoney was to receive $300,000 from TWPMLP over 24 months.  This amount was to be paid to Mohoney as two sums:  $50,000.00 as a "due diligence" and "startup fee," and $250,000.00 as a draw against future commissions.  Gross commissions earned over the $250,000.00 would be taken and converted into investment units.

**Answer:**   TWPMLP admits that it had an agreement with Mohoney, but denies the remainder of the allegations in paragraph 5.

**Complaint Paragraph No. 6:**  The $300,000.00 referenced in paragraph 5, above, has been credited to Mohoney.  However, the gross commission earnings, above the $250,000.00 draw, have been incorrectly converted into partnership units.  TWPMLP has used the $300,000.00 figure to offset Mohoney's commissions, rather than the $250,000.00 agreed upon by the parties.  This has resulted in a .55 partnership unit deficiency to Mohoney.

**Answer:**  TWPMLP denies the allegations in paragraph 6.

**Complaint Paragraph No. 7:**  TWPMLP failed to notify Mohoney of at least two transactions in the First Offering that should have resulted in commissions earned by Mohoney.  The commissions associated with these transactions have not been credited to Mohoney's account.

**Answer:**  TWPMLP denies the allegations in paragraph 7.

**Complaint Paragraph No. 8:**  The TWPMLP was formed on January 2, 2001.  On that date, the commissions earned by Mohoney were converted to partnership units.  Those units are to receive a 12% preferred return.  TWPMLP has calculated this return from the date of Mohoney's receipt of the units, not the date of conversion of commissions to units – January 2, 2001.  This calculation has deprived Mohoney's partnership units of significant value.

**Answer:** TWPMLP denies the allegations in paragraph 8.

**Complaint Paragraph No. 9:** On March 17, 2005, Mohoney and Wall met to discuss Mohoney's compensation from that date forward. Mohoney and Wall agreed that, beginning with the "Fourth Offering," Mohoney's commissions would be 8% of investment equity raised for TWPMLP.

**Answer:** TWPMLP denies the allegation in paragraph 9.

**Complaint Paragraph No. 10:** In April, 2005, the Defendants decided to make the Fourth Offering a public offering, thereby subjecting the parties to more restrictive state and federal securities laws. Wall and TWPMLP legal counsel, Terry Nelson, informed Mohoney that his compensation could not be based on securities transactions. TWPMLP and Wall proposed that Mohoney become an employee of TWPMC. Mohoney was hired by TWPMC as Vice President of Investment and Acquisitions.

**Answer:** TWPMLP admits that the Fourth Offering was a public offering and admits the final sentence, but denies the remainder of the allegations in paragraph 10.

**Complaint Paragraph No. 11:** Under the terms of his employment with TWPMC, Mohoney was to be paid $200,000.00 per year in salary. A written employment agreement provided that Mohoney would be paid a bonus that was to be reviewed quarterly.

**Answer:** TWPMLP admits that Mohoney's salary was $200,000 per year, but denies the remainder of the allegations in paragraph 11.

**Complaint Paragraph No. 12:** The written portion of the 2005 employment agreement also provided for Mohoney's participation in an incentive compensation plan that utilized "Restricted Ownership Interests (ROI's)." According to TWPMC, Mohoney was eligible to participate in this plan. He has not received any ROI's from the Defendants.

**Answer:** TWPMLP denies the allegations in paragraph 12.

**Complaint Paragraph No. 13:** TWPMLP and TWPMC have failed to properly credit Mohoney for commissions and incentives earned during the Fourth, Fifth and Sixth Offerings and for commissions and incentives earned during offering for investment in real estate development in the Phoenix and Mesa, Arizona areas.

**Answer:** TWPMLP denies the allegations in paragraph 13.

## PLAINTIFF'S FIRST CAUSE OF ACTION:  BREACH OF CONTRACT

**Complaint Paragraph No. 14:**  Mohoney fulfilled all of the contractual obligations required of him pursuant to the various contracts to which he was a party with TWPMLP and TWPMC.

**Answer:**  TWPMLP denies the allegations in paragraph 14.

**Complaint Paragraph No. 15:**  TWPMLP and TWPMC have failed to fulfill their obligations and responsibilities under the First, Fourth, Fifth, Sixth and Arizona Offerings, thereby causing financial and other damages to Mohoney.

**Answer:**  TWPMLP denies the allegations in paragraph 15.

**Complaint Paragraph No. 16:**  The contracts breached by the Defendants are either written or partially integrated; they are fully enforceable and not subject to any statute of frauds.

**Answer:**  TWPMLP denies the allegations in paragraph 16.

## PLAINTIFF'S SECOND CAUSE OF ACTION:  UNJUST ENRICHMENT

**Complaint Paragraph No. 17:**  Mohoney realleges paragraphs 1 through 14 as though fully set forth herein.

**Answer:**  TWPMLP reasserts and realleges its answers in paragraphs 1 through 14, as though fully set forth herein.

**Complaint Paragraph No. 18:**  In the alternative to Plaintiff's First Cause of Action, Plaintiff asserts that Defendants have been unjustly enriched by and through his services.

**Answer:**  TWPMLP denies the allegations in paragraph 18.

**Complaint Paragraph No. 19:**  Mohoney conferred benefits upon the Defendants by and through his services, both as an employee and as an independent contractor.

**Answer:**  TWPMLP denies the allegations in paragraph 19.

**Complaint Paragraph No. 20:**  The Defendants had knowledge and appreciation of the benefits conferred upon them by Mohoney.

**Answer:**  TWPMLP denies the allegations in paragraph 20.

**Complaint Paragraph No. 21:**  The continued acceptance and retention of the benefits conferred upon the Defendants is inequitable.

**Answer:**  TWPMLP denies the allegations in paragraph 21.

### PLAINTIFF'S THIRD CAUSE OF ACTION:  INTENTIONAL MISREPRESENTATION

**Complaint Paragraph No. 22:**  Mohoney realleges paragraphs 1 through 21 as though fully set forth herein.

**Answer:**  Defendant TWPMLP responds to the Third and Fourth Cause of Action by joining in the Motion to Dismiss filed by Defendant TWPMC.

**Complaint Paragraph No. 23:**  Defendants made representations of fact when they communicated to Mohoney that he would be compensated for his services as fully described in paragraphs 4 through 14, above.

**Answer:**  Defendant TWPMLP responds to the Third and Fourth Cause of Action by joining in the Motion to Dismiss filed by Defendant TWPMC.

**Complaint Paragraph No. 24:**  The representations of fact were untrue and the Defendants knew the representations to be untrue at the time that they made them.

**Answer:**  Defendant TWPMLP responds to the Third and Fourth Cause of Action by joining in the Motion to Dismiss filed by Defendant TWPMC.

**Complaint Paragraph No. 25:**  The representations of fact were made by the Defendants to Mohoney with the intent to deceive and induce him to act upon them to his pecuniary damage.

**Answer:**  Defendant TWPMLP responds to the Third and Fourth Cause of Action by joining in the Motion to Dismiss filed by Defendant TWPMC.

**Complaint Paragraph No. 26:**  Mohoney justifiably believed the Defendants representations of fact and relied upon them to his detriment.

**Answer:**  Defendant TWPMLP responds to the Third and Fourth Cause of Action by joining in the Motion to Dismiss filed by Defendant TWPMC.

### PLAINTIFF'S FOURTH CAUSE OF ACTION: NEGLIGENT MISREPRESENTATION

**Complaint Paragraph No. 27:** Mohoney realleges paragraphs 1 through 26 as though fully set forth herein.

**Answer:** Defendant TWPMLP responds to the Third and Fourth Cause of Action by joining in the Motion to Dismiss filed by Defendant TWPMC.

**Complaint Paragraph No. 28:** Defendants made representations of fact when they communicated to Mohoney that he would be compensated for his services as fully described in paragraphs 4 through 14, above.

**Answer:** Defendant TWPMLP responds to the Third and Fourth Cause of Action by joining in the Motion to Dismiss filed by Defendant TWPMC.

**Complaint Paragraph No. 29:** The representations of fact were untrue and the Defendants knew the representations to be untrue at the time that they made them.

**Answer:** Defendant TWPMLP responds to the Third and Fourth Cause of Action by joining in the Motion to Dismiss filed by Defendant TWPMC.

**Complaint Paragraph No. 30:** The Defendants were negligent in making the representations described in paragraphs 4 to 14, above.

**Answer:** Defendant TWPMLP responds to the Third and Fourth Cause of Action by joining in the Motion to Dismiss filed by Defendant TWPMC.

**Complaint Paragraph No. 31:** Mohoney justifiably believed the Defendants representations of fact and relief upon them to his detriment.

**Answer:** Defendant TWPMLP responds to the Third and Fourth Cause of Action by joining in the Motion to Dismiss filed by Defendant TWPMC.

### AFFIRMATIVE AND OTHER DEFENSES

TWPMLP asserts the following affirmative defenses to Plaintiff's Complaint:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

3. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

4. Plaintiff's claims are barred by the doctrine of laches.

5. Plaintiff is seeking compensation in the form of commissions and/or incentives that is illegal.

6. Plaintiff's tort claims are barred because they arise out of a contractual relationship.

7. Plaintiff's claims are barred by the doctrine unclean hands.

8. Plaintiff has failed to mitigate any damages he allegedly suffered as a result of the claims set forth in his Complaint.

9. Plaintiff has been paid for everything he was owed.

10. TWPMLP reserves the right to amend its Answer and Affirmative Defenses to assert any additional affirmative defenses discovered as a result of its own investigation and/or formal discovery in the above-captioned action.

WHEREFORE, Defendant T. Wall Properties Master Limited Partnership respectfully requests that the Complaint filed by Plaintiff Victor L. Mohoney be dismissed in its entirety, on the merits and with prejudice, and that Defendant be awarded its reasonable attorney's fees and costs incurred in defending against this civil action, or such other remedy as the Court deems appropriate.

Dated this 30th day of October, 2007.

          MICHAEL BEST & FRIEDRICH LLP
          Attorneys for Defendant, T. Wall Properties
          Master Limited Partnership


          By: /s/ Amy O. Bruchs
              Amy O. Bruchs
              State Bar No. 1021530

MICHAEL BEST & FRIEDRICH LLP
One South Pinckney Street, Suite 700
Post Office Box 1806
Madison, WI  53701-1806
Telephone:  608.257.3501
Email:  aobruchs@michaelbest.com

Q:\CLIENT\089124\0028\B1164531.1